IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 07-824 T

(Lawrence M. Baskir, Judge )

---

PAMELA FYFFE,

Plaintiff

v.

THE UNITED STATES,

Defendant

---

**ANSWER**

---

Defendant, the United States, through its attorneys, and after the inquiry required by 28 U.S.C. § 520, hereby answers the Complaint in the above-captioned case. Defendant respectfully denies each and every allegation contained therein not specifically admitted below.

In response to particular paragraphs of the complaint, defendant further:

1. Admits the allegations of paragraph 1, but denies that Plaintiff is entitled to that recovery.

2. Admits that if jurisdiction exists, it is conferred by 28 U.S.C. §1491(a)(1). Denies that the Court has jurisdiction over issues raised in Plaintiff's complaint that were not previously raised in an administrative claim for refund.

3. States the allegations of paragraph 3 constitute legal argument to which no response is

necessary.

4. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. Admits the allegations of paragraph 5.

6. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Admits the allegations of paragraph 7.

8. Admits that on July 16, 2001, the Internal Revenue Service processed a substitute for return for tax year 1999 on Plaintiff's behalf.

9. Admits the allegations of paragraph 9.

10. Admits that the Internal Revenue Service selected Plaintiff's 1999 amended income tax return, which she filed on August 13, 2002, for an examination.

11. Admits that the Internal Revenue Service mailed to Plaintiff a statutory notice of deficiency of $53,391.00, as well as a penalty of $666.65, for tax year 1999 on January 23, 2004, and that the Internal Revenue Service assessed this deficiency, along with $7,398.61 in interest, on July 5, 2004.

12. Admits the allegations of paragraph 12.

13. Admits that plaintiff made a payment of $69,996.21 to the Internal Revenue service on March 30, 2005 and as of this date, Plaintiff's 1999 tax account was considered fully paid. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 with respect to IRS transcripts allegedly provided to plaintiff and attached to the complaint as Exhibit A.

14. Admits that on March 23, 2007, the IRS received a Form 843, Claim for Refund and Request for Abatement, requesting a refund of $69,996.21, from Plaintiff. Admits that this Form 843 was filed within two years of Plaintiff's payments of March 30, 2005. States that the Form 843 was not filed within three years from the date the return was filed, and is therefore subject to the limitations of 26 U.S.C. 6511(b)(2)(B).

15. Admits that the IRS received a Form 843 requesting a refund of $69,996.21. Denies that the IRS received a Form 843 requesting a refund of $126,795.

16. Admits the allegations of paragraph 16.

17. Denies that the IRS found that Plaintiff's Form 843 was not timely filed, and avers that the IRS received from Plaintiff a Form 1040X, Amended U.S. Individual Income Tax Return, which it rejected on the basis that it was filed more than two years after payment of the tax.

18. Admits that Plaintiff seeks recovery of tax, but denies that Plaintiff is entitled to that recovery.

19. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. Denies the allegations of paragraph 20 and avers that the Statutory Notice of Deficiency dated January 23, 2004, allowed the taxpayer to deduct $22,919.00 in taxes paid ($16,079.00 of which was state income taxes).

21. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22. Denies the allegations of paragraph 22 and avers that the Statutory Notice of

Deficiency dated January 23, 2004 allowed the taxpayer to deduct $22,919.00 in taxes paid ($6,041.00 of which was real estate taxes).

23. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 23. States that the second sentence of paragraph 23 constitute legal argument to which no response is necessary.

24. Denies the allegations of paragraph 22 and avers that the Statutory Notice of Deficiency dated January 23, 2004 allowed the taxpayer to deduct $22,919.00 in taxes paid ($319 of which was personal property taxes).

25. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 25. States that the second and third sentences of paragraph 25 constitute legal argument to which no response is necessary.

26. Admits that on audit of Plaintiff's 1999 tax return, the IRS disallowed a deduction for mortgage interest and/or points paid on Plaintiff's residence, but states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations that this disallowance was erroneous.

27. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second and twelfth through fourteenth sentences of paragraph 27 and avers that the remainder of paragraph 27 constitutes legal argument to which no response is necessary.

28. Admits that on audit of Plaintiff's 1999 tax return, the IRS disallowed a deduction for various business expenses and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations that this disallowance was erroneous.

29. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 29 and avers that the remainder of paragraph 29 constitutes legal argument to which no response is necessary.

30. Denies the allegations of paragraph 30.

31. States that the first sentence of paragraph 31 constitutes legal argument to which no response is necessary, and that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31.

32. Denies the allegations of paragraph 32.

33. Admits that the IRS disallowed a $2,035.00 personal exemption in the Statutory Notice of Deficiency dated January 23, 2004. Denies that such disallowance was erroneous.

34. Denies the allegations of paragraph 34.

WHEREFORE, defendant requests that the complaint be dismissed, with costs assessed against plaintiff.

Respectfully submitted,

s/ Karen M. Groen

Karen M. Groen
Attorney of Record
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
P. O. Box 26, Ben Franklin Station
Washington, D.C. 20044
(202) 307-0508
FAX (202) 514-9440

NATHAN J. HOCHMAN
Assistant Attorney General, Tax Division
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
Of Counsel

s/David Gustafson

February 25, 2008