IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 07-824 T

(Lawrence M. Baskir, Judge )

---

PAMELA FYFFE,

Plaintiff

v.

THE UNITED STATES,

Defendant

---

**JOINT PRELIMINARY STATUS REPORT**

---

Pursuant to Appendix A, paragraph 4, of the Rules of the U.S. Court of Federal Claims ("RCFC") the parties submit the following Joint Preliminary Status Report:

(a) Jurisdiction. The parties disagree about the extent to which this Court has jurisdiction over this refund suit. Plaintiff believes this to be a refund suit over which this Court has jurisdiction under 28 U.S.C. § 1491

and 26 U.S.C. § 7422. Defendant believes that a portion of the recovery sought in this suit is barred by 26 U.S.C. §§ 6511(b)(2)(B).

(b) Consolidation or transfer. The parties are unaware at the present time of any basis for consolidation or transfer of this case.

(c) Bifurcation of trial. In the event of a trial in this case, the parties believe that the trial should not be bifurcated, and that evidence concerning both liability and damages should be presented at one trial.

(d) Deferral. The parties know of no reason for deferral of proceedings at this time.

(e) Remand or suspension. Remand is not appropriate for a tax refund suit, and a suspension is not appropriate at this time.

(f) Additional parties. The parties are unaware of any additional parties to be joined.

(g) Dispositive motions. The defendant is in the process of ascertaining whether portions of plaintiff's suit should be challenged with a motion for partial dismissal pursuant to RCFC 12(b)(1). The parties lack sufficient information to determine if they will file any other dispositive motions. Once discovery is completed, the parties will be in a better

position to determine whether this case can be disposed of by means of summary judgment.

(h) Issues. The issue in a tax refund suit is whether the plaintiff can establish that the taxes at issue have been overpaid. *See Lewis v. Reynolds*, 284 U.S. 281 (1932); *Dysart v. United States*, 169 Ct. Cl. 276, 340 F.2d 624 (1965). Here, apart from jurisdictional issues, the subsidiary issues are:

(1) Whether Plaintiff is entitled to various Schedule A deductions for 1999;

(2) Whether Plaintiff is entitled to various Schedule C deductions for 1999;

(3) Whether Plaintiff is entitled to various Schedule E deductions for 1999;

(4) What value is the personal deduction to which Plaintiff may be entitled for 1999;

(5) Whether Plaintiff paid certain amounts to the Internal Revenue Service for 1999 and, if so, whether she was properly credited for those payments.

(i) Settlement. At the present time, the parties are unable to determine whether this case can be settled. The parties submit that additional information must be obtained in discovery before such a determination can be made.

This case was initially assigned to an ADR judge (Senior Judge Eric G. Bruggink) pursuant to the Court's ADR program. Judge Bruggink recused himself on February 7, 2008, so that there is currently no ADR Judge assigned to this case. However, the parties do not see a need to invoke Alternative Dispute Resolution at this time. As the Court is aware, the IRS has an extensive Appeals program that settles many of the cases where settlement is possible. Further, the Tax Division has an excellent record of settling appropriate cases through negotiated compromise without invoking formal ADR techniques. If either of the parties concludes that ADR would be useful, they will request it. If there is an opportunity to settle this case before commencing trial, the parties will pursue that opportunity.

(j) Trial. The parties believe that a trial may be necessary. The parties propose that within 30 days of the completion of discovery, they will

submit to the Court a status report proposing further proceedings needed to resolve this case.

(k) Special issues regarding electronic case management needs. The parties are unaware of any issues regarding electronic case management needs at this time.

(l) Other information.

(1) The parties are aware of their obligations to make initial disclosures of witnesses and documents under RCFC 26(a)(1)(A) & (B) within 14 days after the Joint Preliminary Status Report is filed.

(2) The Court's Special Procedures Order states that the parties are to contact chambers after an early meeting with the assigned ADR Judge to either stay proceedings or notify the Court of the parties' intent to proceed according to the Court's rules. However, as this case is no longer assigned to an ADR Judge, the parties hereby notify the Court of their intent to proceed according to the Court's rules and propose to contact the Court by Thursday April 24, 2008, to set up a telephonic Preliminary Status Conference.

PROPOSED DISCOVERY PLAN. Pursuant to RCFC, Appendix A, ¶ 5, the parties propose the following:

(a) That discovery be completed on or before October 31, 2008.

(b) That scheduling of depositions shall occur no later than September 30, 2008.

(c) That exchange of witness lists and exhibits shall occur at the early meeting of counsel, no later than 63 days before trial, pursuant to RCFC Appendix A, paragraph 13.

(d) That on or before December 1, 2008, the parties submit to the Court a joint status report proposing further proceedings.

Respectfully submitted,

Counset for Plaintiff
April 17, 2008

s/ Anthony Diosdi

Law Offices of Stephen Moskowitz, LLP
180 Montgomery Street, Suite 1950
San Francisco, CA 94104
(415) 394-7200
FAX (415) 398-6501

Counsel for Defendant
April 17, 2008

s/ Karen M.Groen

Karen M. Groen
Attorney of Record
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
P. O. Box 26, Ben Franklin Station
Washington, D.C. 20044
(202) 307-0508
FAX (202) 514-9440

NATHAN J. HOCHMAN
Assistant Attorney General, Tax Division
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
Of Counsel

s/DavidGustafson